UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALA MOGADEM, | No. 2:23-cv-00981-KJM-CKD (PS) |
| Plaintiff, | ORDER |
| v. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

**Analysis**

I.     Immune Defendants

Plaintiff sues the State of California and the State Bar of California. The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a

defendant. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003).  The Ninth Circuit has held that the State Bar is an arm of the state; accordingly, it is entitled to Eleventh Amendment immunity. See Hirsh v. Justices of the Supreme Court of the State of Cal., 67 F.3d 708, 715 (9th Cir.1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."). Thus, defendants State of California and State Bar of California are immune from suit and the court has no jurisdiction over these claims.

Defendants the United States and the IRS are also immune from suit.  "Suits against the federal government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." Mills v. United States, 742 F.3d 400, 404 (9th Cir. 2014).  The party suing the United States bears the burden of identifying an unequivocal waiver of immunity.  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).  Here, the complaint does not identify any basis for a waiver of sovereign immunity.  Accordingly, the claims against the United States and the IRS must be dismissed.

II.      Defendant Greg Pitto

From what the court can discern, plaintiff alleges that defendant Pitto caused emotional and financial injuries by engaging in a civil conspiracy with the IRS.  (ECF No. 1 at 4.)  Although plaintiff asserts a federal claim under 42 U.S.C. § 1983, such a claim generally does not lie against a private individual who does not act under color of state law.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  A private individual's action can amount to state action under certain circumstances, Id. at 445 (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).  Here, plaintiff appears to invoke the joint action test by alleging some type of conspiracy between defendant Pitto and the State Bar of California.  (ECF No. 1 at 4.)  However, such allegations are entirely conclusory and vague.  Therefore, plaintiff's complaint fails to state a claim on which relief may be granted.

Given plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130-31. If plaintiff decides to file an amended complaint, the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete; Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this time, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff is granted 28 days from the date of this order in which to file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: October 24, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, moga.0981